O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMSA ENTERPRISES LLC, | CASE NO. CV 13-00729 JAK (RZx) |
| Plaintiff, | |
| vs. | ORDER ON MOTIONS TO COMPEL |
| SPECIALTY FOODS OF ALABAMA, INC., ET AL. | |
| Defendants. | |

This matter came before the Court on April 6, 2015 on two motions to compel by Defendant/Counterclaimant Specialty Foods of Alabama, Inc. Plaintiff Gemsa appeared through its counsel Eric M. Kennedy. Defendant Specialty Foods (aka Tsitalia) appeared through its counsel Matthew J. Norris. The Court heard argument of counsel and took the matters under submission. Now being fully advised, the Court rules as follows:

**The Motion to Compel Answers to Interrogatories, Produce Documents, and for Further Deposition of Angela Viscomi** (Docket No. 153)

The Court would have granted the motion as to the interrogatories because of the open-ended response, which did not identify particular documents; telling an opponent that the answer to an interrogatory may be found in unspecified documents is a misuse of

the rule. However, the Declaration of Angela Viscomi does specify particular documents that identify profits, and that is a sufficient answer. In turn, that makes moot the further interrogatory as to how the calculations were arrived at; the calculations were those set forth in the documents. It also makes moot the interrogatory as to which documents Plaintiff relied on in answering the interrogatory.

The only issue is the time period. The Counterclaim does *not* say that the Lanham Act issues arose as far back as 2006; it says that Plaintiff and Defendant had contractual relations going back to 2006 (although the so-called Agreement is not attached to the Complaint, and is not described with any great certainty.) It is too late in the game to be exploring the possibility that there may have been Lanham Act violations dating back to 2006, when the evidence that has been adduced so far, shows that any violations would have occurred in October 2010. Accordingly, the motion to compel further answers to interrogatories is denied.

The motion to compel further production of documents also is denied. The requests do not seek all the documents underlying the expert's summaries. Rather, they seek the documents consulted for preparation of the interrogatory answers. Those now have been identified. There is nothing evasive about that.

The motion to compel a further deposition under FED. R. CIV. P. 30(b)(6) also is denied. As indicated by the Court's ruling above, there are no grounds for a further 30(b)(6) deposition to allow Defendant to further examine about the interrogatory answers or documents.

**Motion to Compel Production of Documents**
(Docket No. 159)

The motion is granted as to the production sheets, and the lot code book, on the grounds that there appeared to have been agreement to produce these matters, and they

are relevant. Efforts to discover them were begun before the discovery deadline expired, and that is sufficient basis to bring them within the Court's orders.

The motion for production of documents concerning alleged adulteration of products sold to other customers is denied. This case is not about other customers. The information is not relevant to the claims and defenses of the parties. To the extent that it could be considered to have some marginal relevance for impeachment purposes, such discovery would send the case off on tangents that are burdensome and expensive to follow—and at a time when the trial itself is scheduled six weeks away.

IT IS SO ORDERED.

DATED: April 6, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE